UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM WASHINGTON,

                                  Plaintiff,

                                                                                               8:21-CV-768

           v.                                                                           (DNH/DJS)

WILLIAM PELELLA, *Judge*,

                                  Defendant.
_____

**APPEARANCES:**

MALCOLM WASHINGTON
Plaintiff, *Pro Se*
16-B-2263
Franklin Correctional Facility
62 Bare Hill Rd.
P.O. Box 10
Malone, New York 12953

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk sent to the Court for review a Complaint filed by *pro se* Plaintiff Malcolm Washington. Dkt. No. 1. On August 2, 2021, Plaintiff filed an Amended Complaint as of right, which is now the operative pleading and is the subject of this Court's review. Dkt. No. 4, Am. Compl. Plaintiff has not paid the filing fee, but has

- 1 -

submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

- 2 -

defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Amended Complaint

Plaintiff brings this Complaint pursuant to 42 U.S.C. § 1983, claiming that he was deprived of his civil rights when Binghamton City Court Judge William C. Pelella allegedly violated New York Criminal Procedure Law (CPL) § 10.30, acting "based on malice and/or corruption as well as conspiracy to prosecute." Am. Compl. at p. 4.[2] Plaintiff's allegations appear to be based on CPL section 10.30 which states that "[l]ocal criminal courts have trial jurisdiction of all offenses other than felonies." N.Y. Crim. Proc. Law § 10.30 (McKinney 2021); Am. Compl. at p. 6. Plaintiff asserts that as a city court judge Judge Pelella lacked jurisdiction to hear his case and raises the following three claims: (1) malicious prosecution; (2) abuse of power; and (3) violation of due process. Am. Compl. at p. 5. Plaintiff seeks damages in the amount of $10,000,000. *Id.*

---

[2] Citations to the Amended Complaint are to the pagination assigned by the Court's CM/ECF system.

### C. Analysis of the Complaint

*1. Judicial Immunity Standard*

The Court recommends dismissal of the Amended Complaint on the basis of judicial immunity. The Second Circuit has held that "absolute immunity is appropriate for judges in the exercise of their judicial function." *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990)). Judicial immunity is overcome in only two circumstances: (1) where the actions were not taken in their judicial capacity or (2) where the actions, though judicial in nature, were taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)) (citing *Forrester v. White*, 484 U.S. 219, 227-29, 356-57 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

The proper analysis for determining whether judicial immunity has been overcome is to address the "nature of the act" rather than the "impropriety of the act" to protect judges from being deprived of immunity simply because they made an error or unintentionally exceeded their authority. *See Mireles v. Waco*, 502 U.S. at 12-13. If the nature of the act is "a function normally performed by a judge," the judge is acting within his judicial capacity. *Id.* at 12. Furthermore, "the scope of the judge's jurisdiction must be construed broadly . . . [a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Zeigler v.*

*New York*, 948 F.Supp.2d 271, 282-83 (N.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. at 356); *accord Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (holding that where there is an issue of judicial immunity, jurisdiction must be construed broadly). The bar to overcome judicial immunity is high. Accordingly, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. at 359; *see also Bradley v. Fisher*, 80 U.S. at 357.

*2. Defendant is Entitled to Judicial Immunity*

Here, Plaintiff has not made a showing that Defendant should not receive the benefit of judicial immunity. First, Judge Pelella's actions relating to this claim did not occur outside of his judicial capacity; on the contrary, the nature of this claim is rooted in county court proceedings that occurred while he was presiding over Plaintiff's case. *See Mireles v. Waco*, 502 U.S. at 12.

Second, Plaintiff has failed to demonstrate that Judge Pelella was acting in complete absence of all jurisdiction. Plaintiff alleges that Defendant "attempted to hold a retr[ia]l in Binghamton City Court which is not in the jurisdiction of the alleged[] felony offense," allegedly in violation of Criminal Procedural Law § 10.30. Am. Compl. at p. 4. However, Plaintiff has included with his Amended Complaint documents that demonstrate that the court proceedings occurred in Broome County Court and that Defendant was serving as an Acting County Court Judge in those proceedings. Am.

Compl. at pp. 7-10. New York County Courts have jurisdiction over felony offenses, and Plaintiff's Amended Complaint demonstrates that Judge Pelella was acting not in his capacity as a city court judge at the time of the alleged conduct. Since Plaintiff's claims are premised on CPL § 10.30, which is not implicated by Judge Pelella's status as an Acting County Court Judge, Plaintiff cannot show that Defendant was acting without jurisdiction. *See* N.Y. Crim. Proc. Law §§ 10.10 & 10.20(1)(a). Because the sole Defendant is entitled to judicial immunity, the claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### *3. The Claim Should Be Dismissed With Prejudice*

Where the grounds for dismissal offer no basis for curing the defects in the pleading, granting leave to amend would be futile. *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, the basis for dismissal is judicial immunity. Therefore, the defects in the pleading are substantive, and allowing Plaintiff leave to amend the Amended Complaint would be futile. *See Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d Cir. 2013) (summary order). Therefore, this claim should be dismissed with prejudice. *See Peterkin v. Intschert*, 2012 WL 386621, at *2 (N.D.N.Y. Feb. 7, 2012) (dismissing claim with prejudice on the basis of judicial immunity).

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  August 24, 2021
            Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).